UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD STEPHEN MCCULLOUGH,<br><br>Defendant. | NO. 2:19-CR-0007-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 165. Defendant also filed a Motion to Seal his medical records filed at ECF No. 167. ECF No. 166. The Government filed its response in opposition to a sentence reduction. ECF No. 168. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's motion for release is denied.

## BACKGROUND

On February 11, 2020, Defendant, Ronald Stephen McCullough appeared

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

before the Court and entered a plea of guilty to the Information Superseding Indictment charging him with Possession with intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. § 841.  ECF Nos. 120, 122.

On June 9, 2020, this Court sentenced Defendant to a 108-month term of imprisonment, followed by a 4-year term of supervised release, and a $100.00 special penalty assessment.  ECF No. 143.  Defendant was ordered to report to the United States Marshal that same day to begin service of his sentence.  According to the Bureau of Prisons, Defendant is currently scheduled for release on September 11, 2027.

In September 2020, Defendant submitted a request for compassionate release which was denied.  ECF No. 165-2.  On November 7, 2021, another request for compassionate release was filed and it was also denied.  ECF No. 165-2 at 2-4.  The United States does not contest that Defendant has exhausted his administrative remedies.  ECF No. 168 at 3.

On September 5, 2022, Defendant filed the instant Motion for Compassionate Release.  ECF No. 165.  Defendant requests the Court to reduce his sentence to time served.  He explains that extraordinary and compelling reasons support such reduction, including that he suffers from Asthma, chest pain, dizziness, depression, anxiety, racing thoughts, and palpitations.  *Id*. at 2.  Defendant claims "the time he has already served has accomplished the sentencing

goals of 18 U.S.C. §3553(a)." *Id*. He claims to have participated in BOP programming, has only one infraction and alleges that he "may not be receiving the proper medical care." *Id*. at 3.

The Government opposes Defendant's release, explaining that there are no extraordinary and compelling reasons for immediate release, Defendant has twice refused COVID-19 vaccinations, his medical conditions are being monitored and controlled, and the 18 U.S.C. § 3553(a) factors do not support release.

## DISCUSSION

### A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds

"extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. 18 U.S.C. § 3582(c)(1)(A) (as to second prong only); U.S.S.G. § 1B1.13 (as to both the first and second prongs).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide *guidance* on the 'extraordinary and compelling reasons' that

1   may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-
2   LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases)
3   (emphasis added).  The sentence reduction policy statement outlines four
4   categories of circumstances that may constitute "extraordinary and compelling
5   reasons" for a sentence reduction: (1) the defendant suffers from a medical
6   condition that is terminal or substantially diminishes the defendant's ability to
7   provide self-care in a correctional environment; (2) the defendant is at least 65
8   years old, is experiencing a serious deterioration in health due to the aging process,
9   and has served at least 10 years or 75% of his or her term of imprisonment; (3)
10  family circumstances involving the death or incapacitation of the caregiver of the
11  defendant's minor child or the incapacitation of the defendant's spouse or
12  registered partner; or (4) other reasons, other than or in combination with the other
13  listed circumstances, that are extraordinary and compelling.  U.S.S.G. § 1B1.13,
14  cmt. n.1.
15         Most recently, the Ninth Circuit has held "that the current version of
16  U.S.S.G. §1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C.
17  § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d
18  797 (9th Cir. 2021).  According to the Ninth Circuit, "[t]he Sentencing
19  Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's
20  discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not

binding." *Id*. Thus, "district courts are empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id*. (agreeing with and quoting decisions of Second and Fourth Circuits).

**B.  Exhaustion or Lapse of 30 days**

Defendant has exhausted his administrative remedies.

**C.  Extraordinary and Compelling Reasons**

Defendant, now age 42, argues that extraordinary and compelling reasons justify a sentence of time served. Defendant contends that he suffers from hypertension and is also a cancer survivor (squamous cell carcinoma) whose cancer is recurring. Defendant also contends that he has a long history of asthma. He reasons that these conditions make him especially vulnerable to experiencing severe illness, complications, or death from COVID-19 if he contracts the virus in prison.

A review of all the medical records submitted shows that Defendant's medical conditions are stable, and his conditions are being managed and monitored. Most importantly, Defendant has refused the COVID-19 vaccination on multiple occasions. Defendant is responsible for not protecting himself from COVID-19.

Defendant's non-acute medical conditions will exist inside or outside prison and since Defendant refuses to be vaccinated, no extraordinary and compelling

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 6

reason exists to release the Defendant.

Whether Defendant is housed in prison or released, the virus continues to spread throughout the world.  Just because Defendant fears infection in prison but does not get vaccinated does not warrant immediate release into the community, where the virus continues to spread as well.  In this case, there are no extraordinary and compelling reasons, alone or in combination, for a reduction in sentence.

**D. Factors under 18 U.S.C. § 3553(a)**

Defendant claims that he has demonstrated rehabilitation and poses little risk of recidivism.  Rehabilitation is not alone an extraordinary and compelling circumstance for release.  *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").  Defendant's history shows that he does pose a risk of recidivism, he has been using illicit drugs since the age of 15.

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release.  18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
 (3) the kinds of sentences available;
 (4) the kinds of sentence and the sentencing range established for—
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
 (5) any pertinent policy statement—
    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
 (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
 (7) the need to provide restitution to any victims of the offense.

At the time of the original sentencing, the Court fully considered these factors. At

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 8

1 sentencing, Defendant's total offense level was 31 and he had a criminal history
2 category of I. This directed an advisory guideline range of 108 to 135 months of
3 imprisonment. Considering all the sentencing factors, the Court imposed the low
4 end of the advisory range which was sufficient but not greater than necessary to
5 comply with the purposes and goals of sentencing.

6 Once again, this Court has fully considered these factors in light of the
7 information Defendant recently provided. Of particular note is the nature and
8 circumstances of the offense in this case. This was not a simple, one-time event,
9 Defendant was involved in repeated drug distribution over the previous 10-years.
10 PSIR at 6. Defendant has also used illegal drugs nearly his entire life, since the
11 age of 15.

12 The Court is obligated to protect the public from defendant's serious,
13 dangerous and devastating conduct. The sentence the Court imposed was
14 "sufficient, but not greater than necessary," to comply with the purposes of
15 § 3553(a), including to reflect the seriousness of the offense, to promote respect for
16 the law, to provide just punishment for the offense and to afford adequate
17 deterrence to this criminal conduct. Even with recent developments, the sentence
18 imposed remains sufficient but not greater than necessary to comply with the
19 purposes of sentencing.

20

Defendant claims his obtaining of his GED and completion of rehabilitative programming supports his request for a reduced sentence. Successful rehabilitative activities are commendable, but do not alone warrant early release. 28 U.S.C. § 994(t). Considering the totality of all the facts, compassionate release is unwarranted.

## CONCLUSION

The Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Seal, ECF No. 166, is **GRANTED**.

2. Defendant's Motion for Compassionate Release, ECF No. 165, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** September 23, 2022.



THOMAS O. RICE
United States District Judge